# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD G. MAURO, Inmate #N92109, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | CIVIL NO. 04-840-DRH |
| WEXFORD HEALTH SOURCES, INC., ) | |
| MICHAEL R. OWENS, and FRANCES ) | |
| KAYIRA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff, a former inmate in the Centralia Correctional Center,[1] brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief

---

[1] According to correspondence from the Plaintiff and the Illinois Department of Corrections website <http://www.idoc.state.il.us>, Plaintiff was released on parole in October 2005.

>may be granted; or
>(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds that none of the claims in the complaint may be dismissed at this point in the litigation.

### FACTUAL ALLEGATIONS

Plaintiff states that when he came into Illinois Department of Corrections custody in January 2000, he had a small mass on his forehead. By March 2000, the mass had grown to approximately 2 mm. Plaintiff saw Defendant Kayira about the mass. He felt it and told Plaintiff it was not cancerous. By 2003, the mass had grown to approximately 3 mm and at least once a week Plaintiff would wake up with swelling around the mass. He was given a five-day course of antibiotics to reduce the swelling, but it continued, and nothing further was done about it. Plaintiff filed a number of grievances about the mass. Fearing the mass might be cancerous, Plaintiff requested that it be removed. Those requests were denied. Plaintiff states that he continues to experience swelling and discomfort around the mass.

Plaintiff also states that for thirteen months prior to the filing of the complaint, Plaintiff received inadequate medical treatment for stomach pains and a sore throat. Plaintiff states that his condition was determined to be caused by acid reflux and esophagus erosion. In July 2004, Dr. Kayira ordered a blood test that revealed Plaintiff was positive for the H. Pylori bacteria. He was given medication for two weeks and was offered no follow up care. After the treatment, Plaintiff continued to have pain. He put in another request for treatment. A second blood test again revealed H. pylori. It was another month before Plaintiff received additional medication. Plaintiff continued

to experience pain that was not adequately treated, even after third and fourth blood tests revealed the continued presence of H. pylori. Plaintiff grieved the issue. Defendant Kayira told the Administrative Review Board that if Plaintiff continued to test positive for H. Pylori, he would order an endoscopy. Plaintiff states that at the time he filed the complaint he still had not received the test or any other treatment.

### LEGAL STANDARDS

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at ----, 114 S.Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters,* 97 F.3d 987, 991-992 (7th Cir. 1996), *cert. denied,* 520 U.S. 1230 (1997). However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer,* 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health--that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir.), *cert. denied,* 516 U.S. 993 (1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction). However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur. *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996). Based on these legal standards and Plaintiff's factual allegations, these claims cannot be dismissed at this point in the litigation.

### DEFENDANTS

A word about Defendants is in order. Plaintiff names as defendants Wexford Health Sources, Inc., and Michael R. Owens. However, in his factual narrative, Plaintiff makes no allegations that

either of these defendants were personally responsible for denying him medical treatment. He makes specific allegations against only Defendant Kayira. "A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption." *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). *See also Crowder v. Lash,* 687 F.2d 996, 1006 (7th Cir. 1982) (director of state correctional agency not personally responsible for constitutional violations within prison system solely because grievance procedure made him aware of it and he failed to intervene). Furthermore, "[t]he doctrine of respondeat superior does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Accordingly, Wexford Health Services and Michael R. Owens are **DISMISSED** as defendants from the action.

## DISPOSITION

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for *Defendant Kayira*. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on *Defendant Kayira* in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can

be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not

been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: August 16, 2006**

/s/   David   RHerndon
**DISTRICT JUDGE**