IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

RONALD MAURO,

Plaintiff,

v.

FRANCES KAYIRA,

Defendant.                                                          No. 04-0840-DRH

ORDER

**HERNDON, Chief Judge:**

Now before the Court are Defendant Kayira's April 27, 2007 motion to dismiss (Doc. 17) and October 12, 2007 motion for summary judgment (Doc. 21). Along with both dispositive motions, Kayira filed the required notices pursuant to ***Lewis v. Faulner*, 689 F.2d 100 (7th Cir. 1982)** and ***Bryant v. Madigan*, 84 F.3d 246 (7th Cir. 1986)** informing Mauro that the failure to respond to the motions may result in the Court granting the motions and dismissing his case with prejudice. (Docs. 19 & 23). As of this date, Mauro has not responded to either motion. Because Mauro is proceeding pro se, the Court **ALLOWS** Mauro up to and including January 23, 2008 to respond to both of Kayira's motions.[1] Pursuant to Local Rule 7.1(c) and the cases cited above, the Court **ADVISES** Mauro that the failure to respond properly may result in the Court granting the motions and

---

[1] The Court notes that Kayira's motion to dismiss is based upon Mauro's failure prosecute this case for failure to attend his own deposition.

dismissing his case with prejudice.[2]

**IT IS SO ORDERED.**

Signed this 9th day of January, 2008.

/s/      David R Herndon

**Chief Judge
United States District Court**

---

[2]Local Rule 7.1(c) provides in part: "An adverse party shall have **thirty (30) days** after the service (*see* FED. R. CIV. P. 6) of the movant's motion in which to serve and file an answering brief. Failure to timely file an answering brief to a motion, may in the court's discretion, be considered an admission to the merits of the motion."