# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**RONALD MAURO**,

**Plaintiff,**

**v.**

**FRANCES KAYIRA,**

**Defendant.**                                                    **No. 04-0840-DRH**

## AMENDED ORDER[1]

**HERNDON, Chief Judge:**

Now before the Court are Defendant Kayira's April 27, 2007 motion to dismiss (Doc. 17) and October 12, 2007 motion for summary judgment (Doc. 21). Along with both dispositive motions, Kayira filed the required notices pursuant to *Lewis v. Faulner*, **689 F.2d 100 (7th Cir. 1982)** and *Bryant v. Madigan*, **84 F.3d 246 (7th Cir. 1986)** informing Mauro that the failure to respond to the motions may result in the Court granting the motions and dismissing his case with prejudice. (Docs. 19 & 23).  On January 9, 2008, because Mauro is proceeding pro se, the Court entered an Order allowing  Mauro up to and including January 23, 2008 to respond to both of Kayira's motions and reiterating the ramifications of

---

[1]The Court enters this Amended Order to correct the blank footnote contained in the Court's January 28, 2008 Order.  The Court notes that the substance of the Order remains the same.

failing to respond to the motions (Doc. 24).[2]   As of this date, Mauro has not

responded to either motion.  Thus, pursuant to Local Rule 7.1(c), the Court finds the

failure to respond to the motions as an admission to the merits of the motions. [3]

Accordingly, the Court **GRANTS** Defendant Kayira's motion for

summary judgment (Doc. 21) and **DENIES as moot** Kayira's motion to dismiss (Doc.

17).  The Court **ORDERS** the Clerk of the Court to enter judgment in favor of

Frances Kayira and against Ronald Mauro.

**IT IS SO ORDERED.**

Signed this 29th day of January, 2008.


/s/      *David R Herndon*

**Chief Judge**
**United States District Court**

---

[2]The Court notes that Kayira's motion to dismiss is based upon Mauro's failure to
prosecute this case for failure to attend his own deposition.

[3]Local Rule 7.1(c) provides in part: "An adverse party shall have **thirty (30) days** after the
service (*see* Fed. R. Civ. P. 6) of the movant's motion in which to serve and file an answering brief.
Failure to timely file an answering brief to a motion, may in the court's discretion, be considered
an admission to the merits of the motion."